UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS FULLER, et al.,

                Plaintiffs,

     v.

PIERCE CONSERVATION DISTRICT, et al.,

                Defendants.

CASE NO. 26-5425 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiffs Thomas Fuller, et al's emergency motion for a temporary restraining order (TRO). Dkt. 5. Fuller asks the Court to compel defendant Pierce Conservation District (PCD), and the individual defendants who run it, to repair water spigots on one parcel, the Hosmer/Barangay Community Garden, so that Fuller can use the water for irrigation in an adjacent parcel, the Wellness and Healing Herb Garden, where his plants are located. Both parcels are community gardens in East Tacoma.

This is the third case Fuller has filed against the PCD. The first two, filed in this Court, were dismissed without prejudice for failure to state a plausible claim. *See* Nos.

ORDER - 1

C25-5710 BHS and C26-5425 BHS. This case was filed in Pierce County Superior Court, and defendants removed it here based on Fuller's federal § 1983 claim. Dkt. 1 at 2.

Fuller contends that his plants will die absent emergency relief restoring water to the Herb Garden. The Court accepts, for the purpose of considering this motion only, the situation is emergent to that extent. But a temporary restraining order requires more than an emergency.

A TRO's purpose is to preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing on the preliminary injunction application, and no longer. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

Fuller does not contend that he owns the Herb Garden, or otherwise articulate why the defendants are required under the Constitution or any other authority to provide water to the Herb Garden or his plants there.

ORDER - 2

The PCD contends that while the Hosmer Community Garden is part of its Urban Farm Program, the Herb Garden is not; it is instead owned by the state. Dkt. 14 at 4. They assert that Fuller's agreement to participate in the PCD's Urban Farm program expired in 2025, and was not renewed for 2026. *Id*. They assert that they have no agreement or other obligation to provide water to the Herb Garden. *Id*.

Accordingly, they contend that Fuller cannot establish that he is likely to succeed on the merits of any claim against them, and that he is not entitled to a TRO.

Fuller did not file a reply. The Court agrees that Fuller has not met his burden to demonstrate the likelihood that he will succeed on the merits of his water restoration claim under § 1983 or any other authority.

Plaintiffs' emergency motion for a temporary restraining order, Dkt. 5, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3