UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS J FULLER, et al.,

Plaintiffs,

v.

PIERCE CONSERVATION DISTRICT, et al.,

Defendants.

CASE NO. 26-5425 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff[1] Thomas Fuller's motions to remand to state court, Dkt. 11; for a preliminary injunction, Dkt. 23; for permission to file electronically and for exemption of PACER fees, Dkt. 28; and for default against defendant Dana Coggon, Dkt. 34.

Fuller sued in state court, alleging the defendants violated various state and federal laws, including the United States Constitution and the Americans with Disabilities Act (ADA). Dkt. 1-1. Based on the 42 U.S.C. § 1983 and ADA claims, the defendants

---

[1] There are three pro se plaintiffs: Fuller, Barbara Dickerson, and Katherine Harrison. The Court uses the singular for clarity.

ORDER - 1

removed the case here under 28 U.S.C. § 1331. Dkt. 1. Fuller asks the court to remand the case for two primary reasons: First, he contends the removal contains a factual inconsistency in that it asserts that defendants were served the day before the case was filed. He contends a complaint cannot be served before it was filed. Dkt. 11 at 1, 4. This is not correct as a matter of Washington state law. *See* CR 3(a) (civil action may be commenced by service *or* filing).

Second, Fuller contends the case should be remanded because his federal claims are only a small subset of his claims. Dkt. 11 at 1, 5 (citing 28 U.S.C. § 1367(c)). The Court may decline to exercise supplemental jurisdiction over state law claims in certain circumstances, but the Court's exercise of its jurisdiction over Fuller's federal claims is not discretionary. The case was properly removed and the Court has subject matter jurisdiction over all Fuller's claims. There is no benefit in remanding a subset of the claims to state court, doubling the cost of litigation. Fuller's motion to remand, Dkt. 11, is **DENIED**.

Fuller's motion for a preliminary injunction again asks the Court to force defendants to repair the water faucets on their own parcel, the Hosmer/Barangay Community Garden, and thus to restore water service to the adjacent Healing Herb Garden, where Fuller's plants are located. Dkt. 23 (*see also* Fuller's prior TRO motion, Dkt. 5). Fuller contends he has corrected the deficiencies the Court identified in denying his prior TRO motion. *See* Dkt. 16.

The Court does not agree. Fuller has yet to state a plausible claim and he has not shown that he is likely to succeed on the merits of any claim against the defendants. He

ORDER - 2

seems to concede he is not contractually entitled to participate in the defendants' Urban Farm Program, and he does not articulate or demonstrate why he is constitutionally or otherwise entitled to irrigation water from the defendants' property. Fuller's renewed motion for a preliminary injunction, Dkt. 23, is **DENIED**.

Fuller's motion for permission to electronically file and for exemption from PACER fees is confusing. Fuller has already registered for e-filing in this case, Dkt. 27, and as a result should not need to use PACER to access the docket or the documents on it. The motion for such permission, Dkt. 28, is **DENIED** as moot.

Finally, Fuller asks the Court to enter default against defendant Coggon. He contends she was served April 15, but has not answered or defended this action. Coggon responds that she has defended; she appeared and opposed the initial TRO motion. Dkt. 40 at 1. She contends that the omission of her name from defendants' answer, Dkt. 29, was inadvertent and that it has since been corrected. Dkt.40 at 1 (citing amended answer, Dkt. 31). She also correctly points out that a defendant who has appeared is entitled to 14 days' notice of a motion for default. *Id*. (citing Rule 55(a)). Fuller's motion for default, Dkt. 34, is **DENIED**.

IT IS SO ORDERED.

Dated this 2nd day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3